UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOURNESOL DES CHAMPS LLC ERIC
HEDICK, OPERATING MEMBER *Pro Se*,

                        Plaintiff,

              -against-

ROBIN WAIZENEGGAR, CITY CLERK
TREASURER,

                        Defendant.

**<u>ORDER</u>**

20-CV-09554 (PMH)

PHILIP M. HALPERN, United States District Judge:

Eric Hedick ("Hedrick"), appearing *pro se*, filed this action on November 13, 2020.[1] Hedick, an operating member of Tournesol Des Champs LLC ("Tournesol"), purported to bring this action on behalf of Tournesol in connection with the tax sale of property located at 30 South Maple Avenue/Orange County Route 16 in Port Jervis, New York, scheduled for November 17, 2020. (Doc. 1, "Ver. Compl."). On November 17, 2020, the Court issued an Order: (1) dismissing without prejudice any claims brought on behalf of Tournesol because that entity must be represented by counsel; (2) denying without prejudice any request for preliminary injunctive relief; and (3) directing Hedick to show cause within thirty days why this action should not be dismissed for lack of subject-matter jurisdiction. (Doc. 5). On March 16, 2021—approximately three months after the deadline set in the November 17, 2020 Order—Hedick filed a Complaint on behalf of Tournesol invoking jurisdiction under 28 U.S.C. § 1331. (Doc. 6, "Compl.").[2]

---

[1] Plaintiff paid the filing fee required to initiate this action.

[2] The March 16, 2021 Complaint offers a different caption from the initial filing. Initially, Plaintiff was identified as "Tournesol Des Champs LLC Eric Hedick, Operating Member *pro se*" and Defendant was "Robin Waizeneggar, City Clerk/Treasurer." (Ver. Compl.). Now, the caption names Tournesol Des Champs, LLC as Petitioner and "Teresa Spradling, Tax Assessor, individually and in her official capacity" as Respondent. (Compl.). This Order retains the original caption.

First, as noted in the November 17, 2020 Order, Tournesol, an artificial entity, may only appear in federal court through a licensed attorney. (Doc. 5 at 2); *see also* 28 U.S.C. § 1654; *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 2223 (2d Cir. 1983). This "rule has been applied to dismiss any action or motion filed by a corporation purporting to act pro se." *Grace v. Bank Leumi Trust Co. of New York*, 443 F.3d 180, 192 (2d Cir. 2006). As the March 16, 2021 Complaint makes clear that this action is brought solely on behalf of Tournesol, and counsel has not been retained to represent Tournesol, the action must be dismissed.

Second, to the extent that the March 16, 2021 Complaint may be construed as a response to the Court's November 17, 2020 Order, it invokes federal question jurisdiction under 28 U.S.C. § 1331 but offers no facts suggesting the existence of a dispute "arising under the Constitution, laws, or treaties of the United States." It appears that the dispute concerns a tax sale and the associated property's designation as a "homestead" under New York State law. (*See, e.g.*, Compl. at 2-4, 7, 10-11). Indeed, the relief sought specifically is "to compel the reversal of the tax lien sale of 22 November 2020, a refund of the $699.97 in City Tax . . . plus monetary damages in excess of $75,000." (*Id*. at 4). Simply invoking "federal jurisdiction, without facts demonstrating a federal law claim, does not create federal subject-matter jurisdiction." (Doc. 5 at 3 (internal quotation marks omitted)). As the Court finds no basis for subject-matter jurisdiction, this action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

Based upon the foregoing, this action is DISMISSED without prejudice because: (1) Tournesol, an artificial entity and the party seeking relief herein, has not appeared by counsel; and (2) there is no factual basis to conclude that this Court has subject-matter jurisdiction over this dispute. In light of the determinations herein, the pending letter motion (Doc. 7) is DENIED as

moot. The Clerk of the Court is respectfully directed to terminate the motion sequence pending at

Doc. 7, mail a copy of this Order to Hedick, and close this case.

**SO ORDERED:**

Dated:   White Plains, New York
          April 8, 2021

_____
PHILIP M. HALPERN
United States District Judge